UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
WINDWARD BORA, LLC

                                     Plaintiff

        -against-                         Case No.: 21-cv-05303

                                 VERIFIED ANSWER

JUNIA MONTOUR A/K/A JUNIA W. MONTOUR;
AMERICAN GENERAL FINANCIAL SERVICES, INC.;
NORTH AMERICAN PARTNERS IN ANESTHESIA;
CAPITAL ONE BANK USA, NA;
"JOHN DOE" and "JANE DOE," the last two names being
fictitious, said parties intended being tenants or occupants,
if any, having or claiming an interest in, or lien upon,
the premises described in the complaint,

                                   Defendants.

---------------------------------------------------------------x

       Defendant, JUNIA MONTOUR A/K/A JUNIA W. MONTOUR, by her attorney, Donna Este-Green, submits her verified answer to the plaintiff's Complaint as follows:

AND AS TO PARAGRAPH 1, NATURE OF THE ACTION

    1.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 1.

AND AS TO PARAGRAPHS 2-8, PARTIES.

    2.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraphs 2-8

AND AS TO PARAGRAPHS 9-10, JURISDICTION AND VENUE.

    3.    Defendant neither confirms or denies the allegations set forth in paragraphs 9-10.

    12.    Plaintiff has failed to comply with all the statutory requisites and pre-

or in conjunction with commencing the instant action for foreclosure. Specifically, it failed to comply with the Real Estate Settlement Procedures Act Early Intervention requirements.

13. Within 36 days, the loan services officer did not establish live contact with defendant to inform me about the availability of loss mitigation options.

14. Within 45 days, the loan services officer did not send defendant a written notice that included contact information for the servicer, a description of loss mitigation options available from the servicer, information about applying for loss mitigation and a website listing of housing counselors.

AS AND FOR AN SEVENTH AFFIRATIVE DEFENSE:

15. Plaintiff has violated RPAPL 1304, in that it failed to provide Defendant with 90-day notice prior to commencing the instant action for foreclosure.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

16. The real property, which is the subject matter of the instant action, consists of residential property. As a result of the foregoing, the note and mortgage for which plaintiff seeks to foreclose upon is in violation of both New York State and Federal predatory lending laws inasmuch as plaintiff has failed to provide defendant with proper loan disclosures prior to closing.

AS AND FOR A NINTH AFFIRAMTIVE DEFENSE:

17. Plaintiff has failed to comply with the pre-foreclosure requirements outlined in Article 13 of the RPAPL as well as other statutory and legislative prerequisites. Specifically, plaintiff has failed to provide the

proper pre-forelosure notices and/or wait the statutorily proscribed amount of time before commencing a foreclosure action.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

18. Plaintiff does not have personal jurisdiction over defendant or the other defendants in this action.

AS FOR THE DEFENDANTS FIRST COUNTERCLAIM

19. The defendant repeats and re-alleges each and every allegation contained in paragraphs 1-18 of her answer, with the same force and effect as if set forth herein at length.

20. Inasmuch as the foregoing defenses establish that plaintiff did not then, and does not now, have the right to maintain a foreclosure action against defendant, plaintiff's filing of a notice of pendency was without justification, and has placed an unwarranted cloud against the title of the defendant's property.

21. The filing of the notice of pendency has dramatically, and significantly diminished defendant's leverage in negotiations with prospective purchasers for the subject property, and materially impacted the market value of the premises

22. As a result of the foregoing, plaintiff is liable to defendant for actual and treble damages as result of the improper filing of the said notice of pendency in an amount equal to and not less than One hundred fifty thousand and 00/100 dollars, the precise amount to be determined at trial.

WHEREFORE, it is respectfully requested that the Court enter judgment

(a) Dismissing the plaintiff's action against me in its entirety;

(b) Releasing the notice of pendency;

(c) Awarding the defendant on her first counterclaim,

(d) Such other and further relief that his court seems just and proper.

Dated: Hempstead, New York
December, 2021

BY: _____
JUNIA MOUNTOUR
498 Duryea Ave.
Uniondale, NY. 11553

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
WINDWARD BORA, LLC

                                    Plaintiff

        -against-                        Case No.: 21-cv-05303

                                    VERIFICATION

JUNIA MONTOUR A/K/A JUNIA W. MONTOUR;
AMERICAN GENERAL FINANCIAL SERVICES, INC.;
NORTH AMERICAN PARTNERS IN ANESTHESIA;
CAPITAL ONE BANK USA, NA;
"JOHN DOE" and "JANE DOE," the last two names being
fictitious, said parties intended being tenants or occupants,
if any, having or claiming an interest in, or lien upon,
the premises described in the complaint,
                               Defendants.

-------------------------------------------------------------x

STATE OF NEW YORK    )
                              )
COUNTY OF NASSAU    )

    Junia Montour, being duly sworn deposes and says:

    I am the named defendant in this action. I have read the foregoing Verified Answer and know the contents thereof and know the contents thereof and that the same are true to my knowledge, expect as to matters stated on information and belief, and as to the ammeters I believe them to be true.

                                                  _____
                                                  Junia Montour

Subscribed and sworn before me
this _____9_th day of December, 2021

_____
Notary Public

DONNA ESTE GREEN
Notary Public, State of New York
No. 30-5009940
Qualified in Nassau County
Commission Expires March 22, 20___