

Peter Y. Roh, Esq.
450 Seventh Ave, Suite 1408
New York, New York 10123
T. 212.643.6677
F. 347.491.4048
proh@hasbanilight.com

December 13, 2021

**VIA CM/ECF**
Honorable Eric N. Vitaliano
United States District Court, EDNY
225 Cadman Plaza
Brooklyn, NY 11201

> RE: *Windward Bora, LLC v. Junia Montour, et al*
> Case No.: 2:21-cv-05303-ENV ST
> Pre-Motion Letter Concerning Plaintiff's Motion to Strike Pursuant to F.R.C.P 12(f).

Dear Judge Vitaliano,

We represent the Plaintiff Windward Bora, LLC ("Plaintiff") in the above referenced matter. Pursuant to Individual Practice Rules §§ III(A)(i), Plaintiff requests a pre-motion conference for a motion to strike defendant, Junia Montour ("Defendant")'s answer filed on December 10, 2021. *See* ECF Dckt No. 21.

Fed. R. Civ. P. 12(a) establishes the time period for filing pleadings and Fed. R. Civ. P. 6(b) permits the court to grant an enlargement of time. *See* Fed. R. Civ. P. 12(a); *See also* Fed. R. Civ. P. 6(b).

Pursuant to Fed. R. Civ. P. 6(b)(2), a defendant who has missed a filing deadline must move to enlarge the time for filing and must demonstrate that the failure to file was the result of "excusable neglect." *See* Fed. R. Civ. P. 6(b)(2); *see generally Traguth v. Zuck,* 710 F.2d 90, 93–94 (2d Cir.1983). Such enlargements of time are within the sound discretion of the court. *See id.*

Pursuant to Fed R. Civ. P. 12(f), a court may strike from any pleading an insufficient defense or any other redundant, immaterial, impertinent, or scandalous matter. *See* Fed. R. Civ. P. 12(f); *see also, EEOC v. Bay Ridge Toyota, Inc*., 327 F. Supp. 2d 167 (E.D.N.Y 2014). To prevail, a movant typically must show that there is no question of fact which might allow the defense to succeed, there is no substantial question of law under which the defense could succeed, and that the movant is prejudiced by inclusion of the defense. *See County Vanlines Inc. v. Experian Info. Solutions,* Inc., 205 F.R.D. 148, 153 (S.D.N.Y.2002) (quoting *SEC v. Toomey,* 866 F. Supp. 719, 722 (S.D.N.Y.1992)).

   *i.*  ***Defendant Failed to Present a Question Of Fact***

Defendant's Answer fails to raise a triable issue of fact because it failed to vacate clerk's entry of default and her affirmative defenses and counterclaim is baseless.

Here, Defendant's default was entered by the Clerk on December 2, 2021. S*ee* ECF Dckt No. 19. Defendant does not even attempt to does not even attempt to vacate the clerk's entry of default and instead files its answer disguised as a pro-se answer. *See* ECF Dckt. No. 21. Further, Defendant's Answer fails to raise a triable issue of fact because it is comprised of a series of four baseless affirmative defenses and one Counter claim. *See M&T Mortg. Corp. v. White,* 736 F.Supp.2d 538 (E.D.N.Y. 2010).

Defendant's first and third affirmative defense alleging failure to comply with the notice provisions of the mortgage and RPAPL fail because Plaintiff attached the 90-day notices and default notices to the Complaint. *See* ECF Dckt No. 2 **Exhibit D** and **E**.

Defendant's second affirmative defense predatory lending for the alleged failure to make loan disclosures prior to closing, is meritless, because they are time-barred. Further, this defense is not applicable to Plaintiff, because  because it regularly purchases debts originated by someone else and then seeks to collect those debts for its own account. *See Henson v. Santander Consumer USA Inc.,* 137 S.Ct 1718, 1721-1722 (2017).

Defendant's Fourth affirmative defense alleging lack of personal jurisdiction over Defendant and other defendants is completely meritless because Plaintiff provided the proper affidavits of service demonstrating that all defendants were properly served. *See* ECF Dckt. No. 10-15. Therefore, this Court has personal jurisdiction over the Defendant and all other defendants.

### ii. *Prejudice to Plaintiff*

Allowing Defendant to file its untimely Answer would be extremely prejudicial to Plaintiff, as Defendant failed to follow the proper procedure of filing an untimely Answer.

Specifically, Plaintiff property served the Defendant on October 18, 2021, almost two months before the date of this letter. *See* ECF Dckt No.: 10. Defendant had until November 9, 2021, to file its Answer. *See id*. When Defendant failed to do so, Plaintiff requested clerk's entry of default and same was entered by the Clerk on December 2, 2021. S*ee* ECF Dckt No. 19.

Defendant does not even attempt to vacate the clerk's entry of default, which is the proper procedure of filing an untimely answer. *See* Fed. R. Civ. P. 6(b)(2); *see also Traguth, Supra*. Instead, Defendant's counsel filed an answer with Defendant's signature, which makes it appear to be a pro-se answer. *See* ECF Dckt. No. 21.

This court has been forgiving of a short delay in answering by pro-se defendants. However, the Defendant in the instant action retained counsel and failed to follow the proper procedures of filing an untimely answer. Therefore, Plaintiff would be prejudiced if Defendant's untimely answer is not stricken.

If the Court prefers, Plaintiff is willing to discuss the matter further at a pre-motion conference hearing with your Honor. Thank you for your time and consideration of this matter.

Respectfully,

*/s/ Peter Y. Roh*
Peter Y. Roh, Esq.